**Not for publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-1413

MARCUS KENNEDY,

Plaintiff, Appellant,

v.

UNITED STATES OF AMERICA and MARK RADCLIFF,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Joseph L. Tauro, U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella, Circuit Judge,
and Oberdorfer,* Senior District Judge.

    Willie J. Davis and Davis, Robinson & White, LLP on brief for
appellant.
    Michael J. Sullivan, United States Attorney, and George B.
Henderson, II, Assistant United States Attorney, on brief for the
United States.

October 24, 2003

---

    *Of the District of the District of Columbia, sitting by
designation.

**PER CURIAM.** Marcus Kennedy appeals the district court's order dismissing his complaint against the United States for failure to state a claim. See Fed. R. Civ. P. 12(b)(6). We affirm essentially for the reasons stated in the district court's memorandum of decision, dated November 26, 2002, adding only the following.

We review de novo the district court's grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim. Martin v. Applied Cellular Tech., Inc., 284 F.3d 1, 5 (1st Cir. 2002). Kennedy filed his complaint against the United States and Mark Radcliff[1] under the Federal Tort Claims Act, alleging that the United States was liable for false imprisonment, malicious prosecution and infliction of emotional harm and distress because of Radcliff's actions. Under the Federal Tort Claims Act, the United States is liable for the acts of an employee only if the employee was acting within the scope of his or her employment. *See* 28 U.S.C.A. § 1346(b)(West 2003). The substantive law of the State where the act or omission occurred governs this inquiry. In Massachusetts, the "conduct of an agent is within the scope of employment if it is of the kind he is employed to perform; if it occurs substantially within the authorized time and space limits; and if it is motivated, at least in part, by a purpose to serve the

---

[1]Radcliff was also a named defendant, but he was never properly served, leading the district court to dismiss, without prejudice, all of the claims against him.

-2-

employer." Wang Laboratories, Inc. v. Business Incentives, Inc., 501 N.E.2d 1163, 1166 (Mass. 1986)(internal citations omitted), quoted in Kelly v. United States, 924 F.2d 355, 357 (1st Cir. 1991).

According to the complaint, Radcliff was, at the time in question, an employee of the Department of Housing and Urban Development. During an evening of socializing and drinking with Kennedy, he allegedly gave false and misleading information to the Boston Police, leading them to search Kennedy's home and car, find Kennedy in possession of a firearm (left in his car by Radcliff), arrest Kennedy and file several criminal charges against him, all of which were subsequently dropped when the Boston Police realized that Radcliff had intentionally given them false and misleading information. The complaint further alleges that Radcliff told the police that he, Radcliff, was an undercover federal agent and that Kennedy was his informant.

The district court concluded that the allegations in the complaint could not support a claim that Radcliff was acting within the scope of his employment. We agree. As the district court noted, Kennedy himself contends in Attachment A to the complaint that Radcliff was lying when he told the Boston Police that he was an undercover federal agent. Accepting that allegation as true, as we must, it is impossible to conceive of a theory under which Radcliff's actions that evening could have been within the scope of

his employment.  Accordingly, the complaint against the United States was properly dismissed for failure to state a claim.

Affirmed.